IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALTAI THORNTON, ) | |
| No. K80123, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00127-MJR |
| ) | |
| JOHN SHEPARD, ) | |
| SALVIDOR GODINEZ, ) | |
| SGT. LUERS, ) | |
| C/O MULHOLLAND, ) | |
| MICHAEL P. ATCHISON, ) | |
| DR. JOHNSON, and ) | |
| C/O JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff John Shepard, an inmate currently housed at Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on injuries he sustained when he was attacked by an inmate at Menard Correctional Center, and the subsequent denial and/or delay in providing appropriate medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint (Doc. 9), on March 19, 2012, in the West House dining hall at Menard Correctional Center, an inmate stabbed Plaintiff in the eye, head and shoulder.  Defendants Sgt. Luers, C/O Mullholland and C/O "John Doe" were in the dining room when Plaintiff was attacked (*see* Doc. 9, p. 6).  Documentation attached to the grievance indicates that the attacker was subdued and Plaintiff was taken to the health care unit (see Doc. 9, p. 10).

One day after the attack, Plaintiff was transported to an outside eye center.  The treating physician inquired and learned that no CT scan had been performed at the prison, so Plaintiff was then taken to the hospital for a scan, which confirmed that emergency surgery was required.  Surgery was performed, but a follow-up exam revealed additional concerns related to the loss of movement and vision in Plaintiff's right eye.  The outside eye surgeon, Dr. Umana, ordered an MRI be performed as soon as possible.

Although the amended complaint does not fully explain the approval process for medical testing at Menard, Plaintiff indicates that the following Defendants must approve testing: Salvidor Godinez, Director of the Illinois Department of Corrections; Deputy Director Michael P. Atchison; and Dr. John Shepard, Medical Director at Menard (*see* Doc. 9, p. 7). An MRI was not authorized for at least three weeks, all the while Plaintiff was in pain and his medical care was stalled. It is further alleged that Defendant Dr. Johnson, the eye doctor at Menard, and Dr. Shepard failed to remove stitches from Plaintiff's eye, which caused additional pain that could have been avoided

Plaintiff seeks compensatory damages, and injunctive relief in the form of: (1) an order directing that any and all harassment and/or retaliation cease; and (2) an order that Plaintiff be seen by an outside eye specialist (*see* Doc. 9, p. 9).

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* amended complaint into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants Sgt. Luers, C/O Mullholland and C/O "John Doe" failed to protect Plaintiff from assault, in violation of the Eighth Amendment;
>
> **Count 2:** Defendants Salvidor Godinez, Michael P. Atchison, Dr. John Shepard and Dr. Johnson were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Accordingly, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

**Count 1**

Count 1 pertains to the allegations that Sgt. Luers, C/O Mullholland and C/O "John Doe" were in the dining room when Plaintiff was attacked (*see* Doc. 9, p. 6). Prison officials have a constitutional duty to protect prisoners "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 517 (7th Cir. 2002). However, as a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). That the officer had actual knowledge of impending harm can be inferred from circumstantial evidence. *Id.* at 842. Proving deliberate

indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id.* at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison,* 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

All that is alleged in the amended complaint relative to Sgt. Luers, C/O Mullholland and C/O "John Doe" is that they were in the dining hall when Plaintiff was attacked. Their mere presence in the same room is insufficient to plead an Eighth Amendment claim under the *Twombly* pleading standard. Mere presence does not reasonably indicate the level of personal involvement, knowledge of a substantial risk of serious harm, and deliberate indifference. Consequently, Count 1 and Defendants Sgt. Luers, C/O Mullholland and C/O "John Doe" will be dismissed without prejudice.

Any conceivable Eighth Amendment claim regarding Sgt. Luers, C/O Mullholland and C/O "John Doe" securing medical care for Plaintiff's injuries is not sufficiently pleaded either, and should be considered dismissed without prejudice.

**Count 2**

Count 2 revolves around (1) a delay in having an MRI run on Plaintiff's eye, and (2) a failure to remove stitches, which left Plaintiff in pain for longer than necessary. At this early juncture it is assumed that Plaintiff's eye injury qualifies as a serious medical need. Furthermore, an Eighth Amendment claim can be premised upon delayed treatment and resulting pain. Whether Salvidor Godinez, Michael P. Atchison, Dr. John Shepard and Dr. Johnson have the necessary individual involvement and each exhibited deliberate indifference remains to be

seen, but there is just enough pleaded in the amended complaint to state colorable constitutional claims. Count 2 will, therefore, proceed against Godinez, Atchison, Shepard and Johnson.

### Remedies

Plaintiff seeks injunctive relief in the form of an order directing that any and all harassment and/or retaliation cease. There are no allegations regarding harassment and/or retaliation in the amended complaint—by Defendants or anyone else. Therefore, this aspect of the prayer for relief will be dismissed.

Plaintiff also seeks to be examined by an outside eye specialist. Plaintiff is no longer housed at Menard Correctional Center; he is housed at Hill Correctional Center. Medical officials at Hill are responsible for Plaintiff's care at this time. Because there are no allegations that he has been denied medical care after leaving Menard, or that the named defendants have been involved in denying him access to an outside specialist, this aspect of the prayer for relief will be dismissed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1**, the Eighth Amendment "failure to protect" claim, and Defendants **SGT. LUERS**, **C/O MULLHOLLAND** and **C/O "JOHN DOE"** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2**, the Eighth Amendment "medical" claim, shall otherwise **PROCEED** against Defendants **SALVIDOR GODINEZ**, **MICHAEL P. ATCHISON**, **DR. JOHN SHEPARD** and **DR. JOHNSON**.

**IT IS FURTHER ORDERED** that those aspects of the prayer for relief seeking orders directing that harassment and retaliation cease, and that Plaintiff be examined by an outside specialist are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **SALVIDOR GODINEZ**, **MICHAEL P. ATCHISON**, **DR. JOHN SHEPARD** and **DR. JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 10).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 13, 2015

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**